UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMICHAEL THOMPSON,

    Defendant.

Case No. 3:19-cr-132

District Judge Michael J. Newman

---

**ORDER: DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND APPOINTMENT OF COUNSEL (DOC. NO. 54)**

---

This case is before the Court on Defendant Jamichael Thompson's *pro se* motion for compassionate release. Doc. No. 54. The Government filed an opposition memorandum. Doc. No. 56. Defendant has not filed a reply brief, and the time for doing so has passed. This motion is ripe for review.

**I.**

Defendant is less than half-way through his seventy-eight-month sentence imposed after he plead guilty to one-count of being a felon in possession of firearms, 21 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 26. This was not his first criminal conviction or jail sentence. Doc. No. 56 at PageID 164. Indeed, Defendant was caught with an AR-15 pistol and Glock 9 mm pistol while on supervised release for prior weapons violations. Doc. No. 26. At sentencing, the Court determined his prior convictions placed him in Criminal History Category IV—the highest under the U.S. Sentencing Guidelines. Doc. No. 49.

Defendant now seeks early release under 18 U.S.C. § 3582(c) and appointment of counsel to assist in the preparation of his petition. Doc. No. 54. He claims that he is at a high risk for a

severe COVID-19 infection due to his irregular heartbeat, high blood pressure, and residual complications caused by several gunshot wounds. *Id.* at PageID 158. Defendant also explains his rehabilitative efforts—including through mental health and substance abuse counseling and vocational training—demonstrate he is ready to re-enter society before completion of his sentence. *Id.* at PageID 159.

While the Court commends, and encourages Defendant to continue, his diligent engagement with prison programming, it must deny his motion for compassionate release and appointment of counsel.

## II.

"Federal sentencing law authorizes a district court to reduce a defendant's previously imposed sentence if the court finds that (1) 'extraordinary and compelling reasons' warrant a reduction; (2) a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the § 3553(a) factors, to the extent applicable, support a reduction." *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) (quoting *United States v. Ruffin*, 978 F.3d 1000, 1003–05 (6th Cir. 2020)). Before an inmate files a compassionate release petition, he or she must exhaust their administrative remedies with the Bureau of Prisons ("BOP"). *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). This requires the inmate to show that he or she: (1) requested early release from the BOP; and (2) "fully exhausted all administrative rights to appeal" the BOP's decision not file a motion on the defendant's behalf or that thirty days have lapsed since the warden received the defendant's request. 18 U.S.C. § 3582(c)(1)(A). Section § 3582(c)(1)(A)'s administrative exhaustion requirement is a "mandatory condition" of a ripe compassionate release claim. *Alam*, 960 F.3d at 833 (explaining that the administrative exhaustion requirement is a claim-processing rule, not a jurisdictional prerequisite).

2

As the Government points out, Defendant has not demonstrated he exhausted his administrative remedies before the BOP. Doc. No. 56 at PageID 165–66. He attaches no documentation evidencing that he first petitioned the warden for his early release or that the warden denied or even received his petition. Doc. No. 54. Therefore, Defendant's compassionate release motion is barred under 18 U.S.C. § 3582(c)(1)(A). Defendant may refile his motion upon a showing that he first petitioned the warden for early release.

Nor is Defendant entitled to appointed counsel. Incarcerated persons may no longer automatically be appointed counsel to assist with their compassionate release petitions. S.D. Ohio General Order 22-13 (Apr. 27, 2022) ("[T]his Court determines that automatic appointment of counsel of compassionate release motions is no longer warranted"). Instead, collateral, post-conviction appointment-of-counsel requests must be analyzed as they were pre-COVID-19 and may only be granted if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Defendant has not satisfied the interests-of-justice standard here because his motion would be procedurally barred even if he received appointed counsel.

### III.

Accordingly, Defendant's motion for compassionate release and appointment of counsel is **DENIED.**

    **IT IS SO ORDERED.**

Date:   August 3, 2022                        s/Michael J. Newman
                                                                           Hon. Michael J. Newman
                                                                           United States District Judge