UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                                 Case No. 3:19-cr-132

vs.

JAMICHAEL THOMPSON,                District Judge Michael J. Newman

      Defendant.

---

**ORDER: (1) DENYING DEFENDANT'S *PRO SE* MOTION (Doc. No. 58); (2) DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL (Doc. No. 61); AND CONFIRMING THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

Previously in this felony criminal case, the Court accepted Defendant Jamichael Thompson's plea of guilty to one count of being a felon in possession of a firearm.  Doc. No. 48 at PageID 131. The Court sentenced him to a 78-month term of imprisonment.  *Id*. at PageID 1.  The case is before the Court upon Defendant's *pro se* motion to reduce his sentence (Doc. No. 58); the Government's memorandum in opposition (Doc. No. 59); Defendant's reply (Doc. No. 60; and Defendant's motion to appoint counsel (Doc. No. 61).

**I.**

Construing Defendant's *pro se* motion liberally in his favor, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), he seeks an Order reducing his sentence under 18 U.S.C. § 3582(c)(2)[1] and Amendment 821 to the United States Sentencing

---

[1] Section 3582(c)(2) has three components:

1. The offender's previously imposed sentence was based on a sentencing range that has been lowered by an amendment to the United States Sentencing Guidelines;
2. The sentencing factors set forth in 18 U.S.C. § 3553(a), "to the extent they are applicable," support the reduction; and

Guidelines, which applies to "certain zero-point offenders" and to defendants who committed their offense while under any criminal justice sentence (including, for example, imprisonment, probation, supervised release) with specific criminal history status points. Doc. Nos. 58, 60; *see United States v. Gibbs*, No. 3:16-cr-72, 2024 WL 4573579, at *1 (W.D. Ky. Oct. 23, 2024); *see also United States v. Seldon,* Nos. 1:17-cr-8, 1:10-cr-93, 2024 WL 2078449, at *1 (S.D. Ohio May 8, 2024). Assuming, *arguendo*, that Defendant meets the requirements for a reduced sentence pursuant to Amendment 821, a reduction of his sentence is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This is due to Defendant's lengthy criminal history and characteristics, and the need to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). Consequently, Defendant's sentence of 78 months remains "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* § 3553(a).

## II.

For the above reasons, Defendant's motion to reduce his sentence is **DENIED**; Defendant's motion to appoint counsel is **DENIED**; and the case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

November 20, 2024                                      s/*Michael J. Newman*
                                                            Hon. Michael J. Newman
                                                            United States District Judge

---

3. The reduced sentence is consistent with the applicable policy statements in the Guidelines.

18 U.S.C. § 3582(c)(2).